**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1576

ROBERT CUVO, on behalf of the minor child A.C.;
LISA CUVO, on behalf of the minor child A.C.,
                                                                    Appellants

v.

POCONO MOUNTAIN SCHOOL DISTRICT;
WILLIAM HANTZ; JOSH HAINES; MICHAEL HOLLAR

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:18-cv-01210)
District Judge: Honorable Joseph F. Saporito, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
On March 30, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges*.

(Opinion Filed:  August 4, 2023)
_____

**OPINION**[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

FUENTES, *Circuit Judge*.

A high school wrestler suffered a severe injury during a football-like game allegedly organized by his coaches. The District Court granted the coaches qualified immunity from suit because the student's asserted constitutional right to be free from state-created dangers in this context was not clearly established at the time of his injury. We agree and will affirm.

## I. Background

Plaintiff-Appellant A.C. wrestled for Defendant-Appellee Pocono Mountain School District (the "District") during high school. Defendant-Appellees Josh Haines and Mike Hollar (the "Coaches") coached the District's wrestling team. On December 18, 2017, the Coaches held an indoor practice in a room covered in two-inch-thick floormats. During the practice, the Coaches asked the team members whether they wanted to lift weights or play a game. Most wrestlers, including Plaintiff, elected to play a game.

The Coaches then taught the team how to play a game much like tackle football: one team tried to advance the ball to the other end of the room by passing and running, while the other team tried to tackle the ball carrier.[1] While playing, the students wore wrestling shoes designed to grip the floormats but no protective equipment. The Coaches

_____

[1] Among other factual disputes, the parties disagree on (a) whether the students performed wrestling-like "takedowns" on each other or football-like "tackles"; and (b) whether there is a material difference between "takedowns" and "tackles" in this context. *See, e.g.*, Appellee's Br. at 9–11. Viewing the record in the light most favorable to Cuvo, as we must, we accept his characterization that the game closely resembled tackle football without protective equipment.

2

reportedly expected the students to "[h]it each other hard" and did not specifically forbid any moves.[2]

The team played football for about twenty minutes while the Coaches watched. When Plaintiff tackled another student during the game, the Coaches purportedly told the other student to target Plaintiff in retaliation. Later, that student ran "[h]alfway across the room" and forcefully tackled Plaintiff while Plaintiff's leg was planted on the mat.[3] Plaintiff's torso moved forward but his leg did not, resulting in a snapped femur and debilitating injuries. No student was injured besides Plaintiff, though Plaintiff testified that students were tackled, which "[o]bviously . . . hurts."[4] And as the wrestling team had never played this game before, the Coaches were unaware of any similar injuries in the past.

Plaintiff sued the Coaches and the District for his injuries, asserting (1) civil rights claims under 42 U.S.C. § 1983 for the Coaches' alleged violation of Plaintiff's substantive due process right to be free from state-created dangers; and (2) pendent state law tort claims against both the Coaches and the District.[5] On Defendants' motion for summary judgment, the District Court held that the Coaches were entitled to qualified immunity from Plaintiff's

---

[2] JA76, at 69:12–19.

[3] JA79, at 83:7–10.

[4] JA88, at 119:20–120:5.

[5] The District Court dismissed Cuvo's constitutional claims against the District and Defendant William Hantz earlier in the litigation. *See Cuvo v. Pocono Mountain Sch. Dist.*, No. 3:18-cv-1210, 2019 WL 7105560, at *3–5 (M.D. Pa. Dec. 23, 2019). That decision has not been appealed.

constitutional claims and declined to exercise supplemental jurisdiction over the remaining state-law claims.[6]

Plaintiff now appeals the District Court's grant of qualified immunity and entry of summary judgment for the Coaches.

## II. Jurisdiction and Standard of Review

The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291 to review the District Court's entry of summary judgment, exercising plenary review.[7] "We will affirm if, drawing all inferences in favor of the nonmoving party, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[8]

## III. Analysis

The sole issue on appeal is whether the Coaches are entitled to qualified immunity from Plaintiff's state-created danger claim. The existence of qualified immunity depends on the answers to two questions: "(1) whether the [state actor] violated a constitutional right, and (2) whether the right was clearly established, such that it would have been clear to a reasonable [state actor] that his conduct was unlawful."[9] Plaintiff claims he had a substantive due process "right to be free from playing dangerous sports without protective

---

[6] *Cuvo v. Pocono Mountain Sch. Dist.*, No. 18-cv-1210, 2022 WL 836821, at *3–9 (M.D. Pa. Mar. 21, 2022).

[7] *Jefferson v. Lias,* 21 F.4th 74, 80 (3d Cir. 2021).

[8] *N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, 974 F.3d 486, 492 (3d Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).

[9] *El v. City of Pittsburgh*, 975 F.3d 327, 334 (3d Cir. 2020) (cleaned up) (citation omitted).

equipment where injury is foreseeable," and that the Coaches violated it.[10]  Because the District Court correctly held that this right was not clearly established on the date of Plaintiff's injury, we will affirm.[11]

A right is clearly established when "existing precedent [has] placed the . . . constitutional question beyond debate," but the Supreme Court has cautioned against defining clearly established law "at a high level of generality."[12]  We will deny qualified immunity only where settled law—drawn from either binding precedent or a robust consensus of persuasive authority—squarely governs the facts at issue.[13]

Plaintiff's asserted right stems from the Due Process Clause of the Fourteenth Amendment, which protects a substantive liberty interest in "personal bodily integrity."[14]  While due process generally "does not impose an affirmative obligation on the state to protect its citizens," it occasionally requires action to defend against dangers of the state's own creation.[15]  A state-created danger claim has four elements: (1) a harm that foreseeably and fairly directly resulted from the state actor's conduct; (2) state conduct that "shocks

---

[10] Appellant's Br. at 15.

[11] We need not determine whether the District Court correctly held that a reasonable jury could find a constitutional violation.  *See Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

[12] *White v. Pauly*, 580 U.S. 73, 79 (2017) (citations omitted).  Because we hold that the right Plaintiff asserts was not clearly established at the time of his injury, we assume without deciding that Plaintiff framed the right with sufficient particularity.  *See Spady v. Bethlehem Area Sch. Dist*., 800 F.3d 633, 638 (3d Cir. 2015).

[13] *See Peroza-Benitez v. Smith*, 994 F.3d 157, 165–66 (3d Cir. 2021); *James v. New Jersey State Police*, 957 F.3d 165, 169 (3d Cir. 2020).

[14] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citations omitted).

[15] *Id.*

the conscience"; (3) a relationship with the state that placed the plaintiff in a "discrete class of persons subjected to the potential harm brought about by the state's actions"; and (4) an affirmative use of state authority to place the plaintiff in greater danger than had the state not acted.[16]

The purposefully high standard of "conscious-shocking" behavior ensures that ordinary torts do not amount to due process violations whenever "someone cloaked with state authority causes harm."[17] Where, as here, a state actor makes an "unhurried judgment[ ]" that leads to injury, his decision shocks the conscious if made with deliberate indifference, meaning a "conscious disregard of a substantial risk of serious harm."[18]

The parties agree that the most analogous binding precedent addressing a state-created danger claim is *Mann v. Palmerton Area School District*.[19] There, a high school football player suffered a hard blow to the head during a practice session and began showing concussion-like symptoms.[20] The coach then sent the student back into practice, where he suffered another violent collision and a traumatic brain injury.[21] We recognized that "an injured student-athlete participating in a contact sport has a constitutional right to be protected from further harm," and that a state actor violates that right by requiring the

---

[16] *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006) (citations omitted).

[17] *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998).

[18] *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 246 (3d Cir. 2016) (citation omitted).

[19] 872 F.3d 165 (3d Cir. 2017).

[20] *Id.* at 168.

[21] *Id.* at 169.

6

student-athlete to continue practicing or competing.[22]  Here, however, nothing suggests that Plaintiff suffered a prior injury that would trigger the Coaches' duty to protect him under *Mann*.

Notably, in a similar factual context we rejected the notion that state actors display deliberate indifference simply by allowing uninjured minors to play tackle football without protection.  In *Betts v. New Castle Youth Development Center*, a juvenile in a state detention facility suffered an injury during a football game against other detainees.[23]  He alleged a violation of his Eighth Amendment right to reasonable safety while in state custody, which—like Plaintiff's substantive due process claim—requires a showing of "deliberate[ ] indifferen[ce] to a substantial risk of serious harm."[24]

The plaintiff in *Betts* cited examples of serious injuries suffered by professional football players, and the defendants conceded that the risk of injury increases without proper equipment.[25]  Still, we explained "[t]he mere *possibility* that an injury may result . . . does not mean that there is a '*substantial risk*' of that injury occurring."[26]  Because the plaintiff provided neither general evidence about the "frequency or likelihood" of serious football injuries nor specific evidence of prior serious injuries at the plaintiff's facility, he

---

[22] *Id.* at 172.

[23] 621 F.3d 249, 253 (3d Cir. 2010).

[24] *Id.* at 256 (citation omitted).

[25] *Id.* at 257, 259.

[26] *Id.* at 257 (emphasis added) (citation omitted).

could not establish deliberate indifference by state officials.[27]  We need not today decide how far our reasoning in *Betts* applies to state-created danger claims brought by non-prisoners.[28]  Nonetheless, its holding cuts significantly against Plaintiff's claim to a clearly established right.  Here too, the record reveals neither general evidence of the frequency of serious injury nor specific evidence of prior injuries in the District.[29]

Against this backdrop, there is no robust consensus of persuasive authority recognizing a "right to be free from playing dangerous sports without protective equipment where injury is foreseeable."[30]  True, some courts have allowed state-created-danger claims to proceed even without evidence of prior injuries; there are of course additional factors

---

[27] *Id.* at 257, 259.

[28] The plaintiff in *Betts* also brought a state-created danger claim under the Due Process Clause, but we dismissed that count under the "more-specific-provision rule," in favor of the Eighth Amendment claim.  *Id.* at 259–61.

[29] Cuvo is thus unaided by reliance on decisions that found viable state-created danger claims when the state actor had notice of similar injuries to other students. *See, e.g.*, *Hall v. Martin*, No. 17-cv-523, 2017 WL 3298316, at *1 (W.D. Pa. Aug. 2, 2017) (student blinded by flying puck while playing goalie without protection during floor hockey game, after other students playing goalie had been injured by flying pucks); *Sciotto v. Marple Newton Sch. Dist.*, 81 F. Supp. 2d 559, 562, 564–65 (E.D. Pa. 1999) (high school wrestler paralyzed while wrestling with an older and heavier alumnus, after parents had complained about this practice and at least one other student had been injured while wrestling an alumnus).

[30] Appellant's Br. at 15.

that may render a future injury foreseeable.[31]  But other courts have rejected such claims,[32] and we discern no clearly established line between injuries that are actionable under the Due Process Clause and those that are not.  At bottom, precedent has not placed the existence of Plaintiff's asserted constitutional right "beyond debate."[33]

## IV. Conclusion

For these reasons, we will affirm the judgment of the District Court.

---

[31] *See, e.g.*, *B.D. v. Downingtown Area Sch. Dist.*, No. 15-cv-6375, 2016 WL 3405460, at *4 (E.D. Pa. June 21, 2016) (two athletes collided while running at high speeds on intersecting courses with blind corners, after coaches had observed "minor collisions or near misses"); *Hinterberger v. Iroquois Sch. Dist.*, 898 F. Supp. 2d 772, 777 (W.D. Pa. 2012) (cheerleader seriously injured while performing a new, advanced stunt without proper safety precautions), *rev'd on other grounds*, 548 F. App'x 50 (3d Cir. 2013).  On appeal in *Hinterberger*, we held that the plaintiff's asserted due process right was not clearly established and did not opine on the presence of a constitutional violation. *Hinterberger v. Iroquois Sch. Dist.*, 548 F. App'x 50, 52 (3d Cir. 2013).

[32] *See, e.g.*, *Lesher v. Zimmerman*, 822 F. App'x 116, 120 (3d Cir. 2020) (softball player practicing without safety equipment struck by a line drive hit by her coach); *Leonard v. Owen J. Roberts Sch. Dist.,* No. 08-cv-2016, 2009 WL 603160, at *1 (E.D. Pa. Mar. 5, 2009) (student impaled by a javelin thrown by another student, which coaches allegedly failed to prevent).

[33] *White*, 580 U.S. at 79 (citation omitted).